**SECURITIES & EXCHANGE COMMISSION, Plaintiff– Appellee,**

v.

**U.S. ENVIRONMENTAL INC., Castle Securities Corp., Mark J. D'Onofrio, Ramon N. D'Onofrio, Louis J. Sepe, Ernest Micciche, Mark A. Gellar, John Romano, Leslie S. Roth, Dudley Mihran Freeland, Maria Sepe, Defendants,**

**Michael T. STUDER, Defendant–Appellant.**

No. 03–6206.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2004.

Michael T. Studer, Freeport, New York, for Appellant, pro se.

Christopher Paik, Special Counsel, Securities and Exchange Commission, Washington, D.C., for Appellee.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

*SUMMARY ORDER*

Michael Studer appeals a judgment entered on August 27, 2003, in the United States District Court for the Southern District of New York (Leisure, *J.*). We assume that the parties are familiar with the facts, the procedural context, and specification of the appellate issues.

Most of Studer's appellate arguments challenge findings of fact. This court "will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed." *Travellers Int'l A.G. v. Trans World Airlines, Inc.,* 41 F.3d 1570, 1574 (2d Cir. 1994). Giving due credit to the district court's "credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record," *Ezekwo v. N.Y.C. Health & Hosps. Corp.,* 940 F.2d 775, 780 (2d Cir.1991), there is sufficient evidence in the record to support each of the challenged findings.

Studer contends that he was not an underwriter in any ordinary sense, but the findings below support the conclusion that he was a person who "offer[ed] or s[old] for an issuer in connection with, the distribution of ... securit[ies]." 15 U.S.C. § 77b(a)(11). Similarly, the conclusions

that Studer violated §§ 17(a), 5(a), and 5(c) of the Securities Act and 10(b) and 15(c)(1) of the Exchange Act are adequately supported.

■ Additionally, Studer argues that because he lacked knowledge of the Windfall scheme, he did not violate §§ 17(a), 10(b) or Rule 10b–5; however, the district court made extensive findings as to how Studer knew or should have known of the scheme. The conclusion that Studer violated § 10(b) and Rule 10b–6 is supported by the findings that the distribution of the U.S. Environmental shares did not end until August 1990, and that from September 1989 to August 1990, Studer was purchasing U.S. Environmental shares and inducing others to do the same. *See R.A. Holman & Co. v. SEC,* 366 F.2d 446, 449–50 (2d Cir.1966).

Admission of Kirschbaum's statements under the co-conspirator exception to the definition of hearsay in the Federal Rules of Evidence, Fed.R.Evid. 801(d)(2)(E), was well within the district court's discretion. *See United States v. Forrester,* 60 F.3d 52, 59 (2d Cir.1995).

■ Studer disputes the use of IRS underpayment rates for the purpose of calculating prejudgment interest; but this Circuit has recognized such tables are appropriate in disgorgement of profits stemming from securities violations. *SEC v. First Jersey Secs., Inc.,* 101 F.3d 1450, 1476 (2d Cir.1996). Finally, the remedies fashioned by the district court were well within its broad equitable powers. *Id.* at 1474. Any remaining contentions are similarly without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.