See also 114 Fed.Appx. 426.

**Michael T. STUDER, Petitioner–Appellant,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent–Appellee.**

**Docket No. 04–5901–AG.**

United States Court of Appeals, Second Circuit.

Sept. 9, 2005.

Michael T. Studer, Freeport, N.Y., for Appellant pro se.

Christopher Paik, Securities and Exchange Commission, Office of Chief Litigation Counsel, Washington, D.C., for Appellee.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the Securities and Exchange Commission be, and it hereby is, AFFIRMED.

Michael T. Studer, *pro se,* appeals from an order of the Securities and Exchange Commission ("SEC") revoking his broker/dealer license and forbidding his association with other broker/dealers.

"In reviewing the SEC's opinion and order, [this Court] must affirm the findings of the [SEC] as to the facts, if supported by substantial evidence." *MFS Secs. Corp. v. SEC,* 380 F.3d 611, 617 (2d Cir.2004) (citation omitted). "The Administrative Procedure Act, which applies to [this Court's] review of the [SEC] orders[,] provides that a reviewing court shall 'hold unlawful and set aside agency action, findings, and conclusions found to be … arbi-

trary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)) (other citation omitted) (alteration in original); *see also Markowski v. SEC,* 34 F.3d 99, 104 (2d Cir.1994). The "traditional standard used for judicial review of agency actions … is deferential, and [this Court] may neither engage in [its] own fact-finding nor supplant the SEC's reasonable determination." *Valicenti Adv. Servs., Inc. v. SEC,* 198 F.3d 62, 64–64 (2d Cir.1999) (citation and internal parentheses omitted).

First, Studer is prohibited from relitigating the factual and legal conclusions of the district court regarding his violations of federal securities laws. *See Joseph P. Galluzzi,* Rel. No. 46405, 2002 WL 1941502, at *3, *5 (S.E.C. Aug. 23, 2002) (rejecting attempt to challenge basis for injunction, noting that respondent was precluded from relitigating issues decided in a prior civil injunctive action). This stance by the SEC is consistent with the doctrine of collateral estoppel, which provides that, once a court decides a material issue, that decision is conclusive in a subsequent litigation. *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Furthermore, pending appeals do not alter the finality or preclusive effect of a judgment. *See Blinder, Robinson & Co. v. SEC,* 837 F.2d 1099, 1104 n. 6 (D.C.Cir.1988), *cert. denied,* 488 U.S. 869, 109 S.Ct. 177, 102 L.Ed.2d 146 (1988). Additionally, this Court affirmed the entirety of the district court's injunctive decision, stating that the district court made extensive findings regarding Studer's involvement in the securities violations. *See SEC v. U.S. Envtl., Inc.,* 114 Fed.Appx. 426 (2d Cir.2004) (unpubl.). Thus, any attack by Studer on the facts and legal conclusions of the district court is not proper.

Furthermore, the "exculpatory" conclusion reached by the district court regard-

ing the witness transcripts was pending when the SEC reached its decision. Thus, the SEC could not have considered the district court's analysis denying Studer's Rule 60(b) motion. However, the SEC did consider the transcripts themselves, and found them to be unpersuasive. Studer has advanced no argument in his petition for review that suggests the SEC's finding regarding the transcripts was not supported by substantial evidence.

Additionally, Studer's argument that the ALJ improperly considered other instances of wrongdoing in which he was not personally involved is inapposite. The record reflects that the SEC, in reviewing the ALJ's decision, cited only one other instance of wrongdoing by Studer, one in which he was actually sanctioned by the National Association of Securities Dealers, which sanction was upheld by the SEC. The SEC opinion affirming the ALJ's decision makes no mention of any other past wrongdoing by Studer, and Studer failed to present any evidence that the SEC considered other instances of misconduct.

Finally, Studer's argument that no sanction should be imposed because he has left the securities industry is not properly before this Court. Studer failed to make this argument before the SEC when it was reviewing the ALJ's decision. *See* 15 U.S.C. § 78y(c)(1). In any event, this argument is meritless. The SEC demonstrated that an order forbidding future activities was an appropriate way to protect the public, because otherwise, nothing would prevent Studer from re-entering the securities business.

For the foregoing reasons, decision of the Securities and Exchange Commission is AFFIRMED.